# Exhibit A



**Service of Process Transmittal**
03/23/2017
CT Log Number 530917397

| | |
|---|---|
| **TO:** | Michael Johnson, Legal Assistant<br>The Hartford<br>1 Hartford Plz, HO-1-09<br>Hartford, CT 06155-0001 |
| **RE:** | Process Served in Rhode Island |
| **FOR:** | Sentinel Insurance Company, Ltd. (Domestic State: CT) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MOSES AFONSO RYAN LTD., Pltf. vs. Sentinel Insurance Company, Limited, Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Proof(s), Complaint, Notice(s), Attachment(s) |
| **COURT/AGENCY:** | Providence/Bristol County Superior Court, RI<br>Case # PC20171280 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/23/2017 at 13:30 |
| **JURISDICTION SERVED :** | Rhode Island |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Stephen A. Izzi<br>Moses Afonso Ryan Ltd.<br>160 Westminster Street, Suite 400<br>Providence, RI 02903<br>401-453-3600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/24/2017, Expected Purge Date: 03/29/2017<br><br>Image SOP<br><br>Email Notification,  Michael Johnson  MICHAEL.JOHNSON@THEHARTFORD.COM<br><br>Email Notification,  Massimo Fraschilla  Massimo.Fraschilla@thehartford.com<br><br>Email Notification,  Fiona Rosenberg  Fiona.Rosenberg@thehartford.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>450 Veterans Memorial Parkway<br>Suite 7A<br>East Providence, RI 02914<br>312-345-4336 |

Page 1 of  1 / SH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS



# SUPERIOR COURT
## SUMMONS

| | Civil Action File Number<br>PC-2017-1280 |
|---|---|
| **Plaintiff**<br>Moses Afonso Ryan Ltd.<br>v.<br>**Defendant**<br>Sentinel Insurance Company | **Attorney for the Plaintiff or the Plaintiff**<br>Stephen Izzi |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>MOSES AFONSO RYAN LTD<br>160 WESTMINSTER STREET<br>SUITE 400<br>PROVIDENCE RI 02903 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>450 Veterans Memorial Parkway<br>Suite 7A<br>East Providence RI 02914 |



TO THE DEFENDANT, Sentinel Insurance Company:

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 3/22/2017. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

A True Copy attest
R. Bourque
Constable 6013
Richard Bourque
3-23-17

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff<br>Moses Afonso Ryan Ltd.<br>v.<br>Defendant<br>Sentinel Insurance Company | Civil Action File Number<br>PC-2017-1280 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Sentinel Insurance Company, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
  Name of person of suitable age and discretion _____
  Address of dwelling house or usual place of abode _____
  Age _____
  Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

☐ With a guardian or conservator of the Defendant.
  Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
  Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| |
|---|
| Upon a private corporation, domestic or foreign:<br>☐ By delivering said papers to an officer or a managing or general agent.<br>　Name of person and designation _____<br>☐ By leaving said papers at the office of the corporation with a person employed therein.<br>　Name of person and designation _____<br>☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.<br>　Name of authorized agent _____<br>　If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.<br>_____ |
| ☐ I was unable to make service after the following reasonable attempts: _____<br>_____ |
| SERVICE DATE: ___/___/___　　　　SERVICE FEE $ _____<br>　　　　　　　Month　Day　Year |
| Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____ |
| SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.<br><br>_____<br>Signature<br><br>State of _____<br>County of _____<br><br>　On this ____ day of _____, 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.<br><br>　　　　　　　　　　　　　　　Notary Public: _____<br>　　　　　　　　　　　　　　　My commission expires: _____<br>　　　　　　　　　　　　　　　Notary identification number: _____ |

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2017-1280
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 6 of 20 PageID #: 10

**STATE OF RHODE ISLAND**          **SUPERIOR COURT**
**PROVIDENCE, SC.**

MOSES AFONSO RYAN LTD.    :
Plaintiff,    :
   :
v.    :    PC-2017- *1280*
   :
SENTINEL INSURANCE    :
COMPANY, LIMITED    :
Defendant.    :

## COMPLAINT

Moses Afonso Ryan Ltd. ("MAR"), by and through its undersigned attorneys, as and for its Complaint against Sentinel Insurance Company, Limited ("Sentinel"), alleges as follows:

### THE PARTIES

1. Plaintiff MAR is a Rhode Island professional corporation with its principal place of business in Providence, Rhode Island.

2. Upon information and belief, Defendant Sentinel is an insurance company organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

3. Upon information and belief, Sentinel is authorized to sell or write insurance in Rhode Island and, at all material times, has conducted and continues to conduct substantial insurance business in the State of Rhode Island, including engaging in the business of selling insurance, investigating claims, and/or issuing policies that cover policyholders or activities located in Rhode Island.

### PRELIMINARY STATEMENT

4. This action is to recover damages for breach of contract and insurer bad faith, and for declaratory relief arising out of Sentinel's unjustified refusal to provide coverage under an insurance policy it sold to MAR.

Case Number: PC-2017-1290
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 7 of 20 PageID #: 11

5. MAR is a law firm consisting of ten attorneys practicing law in Rhode Island and Massachusetts who are assisted by three support staff.

6. MAR is the named insured under The Hartford Spectrum Business Owner's Policy No. 02 SBA ZU7345 issued by Sentinel (the "Policy"), which specifically provides coverage for losses resulting from business income interruptions.

7. MAR was the victim of a ransomware attack on its computer system in which an unidentified third party took over and encrypted all of the documents and information contained on MAR's computer network.

8. The perpetrators of the ransomware attack demanded payment from MAR to release the encrypted documents and information, and after an initial payment, demanded additional payment.

9. Ultimately, after extorting over $25,000 in payments from MAR, the perpetrators of the ransomware attack provided MAR the decryption tools or keys needed to recover the firm's documents and information.

10. Unfortunately for MAR, it took over three months to (1) identify the perpetrators of the ransomware attack, (2) contact the perpetrators of the ransomware attack, (3) negotiate a ransom for the documents and information, (4) obtain payment in the form of Bitcoins for payment of the ransom, (5) obtain the initial decryption tools or keys to recover the documents and information, (6) attempt to use the initial decryption tools or keys to recover the documents and information, (7) discover that the initial decryption tools or keys would not recover the documents and information, (8) re-establish contact with the perpetrators of the ransomware attack, (9) re-negotiate an additional ransom for the documents and information, (10) obtain additional payment in the form of Bitcoins for payment of the additional ransom, (11) obtain the second set of decryption tools or keys to recover the documents and information attempt to use the initial decryption tools or keys to recover the documents and information, (12) recover the documents and information encrypted by the perpetrators of the ransomware attack, and (13) recover or recreate documents that were not saved during the three months of business interruption.

11. During the three months that the documents and information of MAR was held captive by the perpetrators of the ransomware attack, the attorneys of the firm were unproductive and unable to work at a reasonable efficiency.

Case Number: PC-2017-1280
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 8 of 20 PageID #: 12

12. Year to year billing comparisons reveal a reduction of over $700,000 of billings for the three months of interruption.

13. MAR purchased the Policy, and the Policy is designed to protect MAR against precisely the type of loss it has now incurred as a result of the ransomware attack and interruption of its business.

14. Despite the fact that MAR paid its premiums, gave prompt notice of the ransomware attack and interruption of its business to Sentinel, and cooperated fully and completely with Sentinel's inquiry into the ransomware attack and interruption of its business, Sentinel has failed and refused to pay MAR's claim for coverage under the Policy (the "Claim").

15. The refusal by Sentinel to pay the Claim constitutes a breach of Sentinel's contractual obligations.

16. MAR seeks a declaration that there is coverage for the Claim under the Policy and damages for breach of contract and bad faith due to Sentinel's unreasonable failure to honor its obligation under the Policy to pay the Claim.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this action pursuant to Rhode Island General Laws §§ 9-30-1 *et seq.*, and 8-2-13.

18. Venue in this Court is proper because all of the acts or omissions took place in Providence county.

## FACTUAL ALLEGATIONS

### A. The Sentinel Policy

19. In consideration of significant premiums paid to cover exactly the type of loss at issue here, Sentinel sold the Policy to MAR for the policy period October 13, 2015 to October 13, 2016.

20. The Policy provides coverage for a wide variety of losses, including those related to **"Business Income"**.

Case Number: PC-2017-1280
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 9 of 20 PageID #: 13

21. The Policy provides "Limits of Liability" related to "**Business Income**" of 12 MONTHS ACTUAL LOSS SUSTAINED (Form SS 00 02 12 06).

22. The Policy provides that if two or more of this policy's coverages apply to the same loss or damage, Sentinel will not pay more than the actual amount of the loss or damage. (Form SS 00 05 10 08).

23. All emphasized terms in this Complaint appear in boldface in the Policy.

24. Despite the language contained in paragraph 22 above, and despite paying for MAR's losses under two different coverages, Sentinel claims that the limits of liability contained in coverages for **COMPUTERS AND MEDIA** and **COMPUTERS FRAUD** limit its liability to an aggregate of $20,000 ($10,000 per coverage).

### B. MAR has suffered a covered Business Interruption

25. MAR is an extremely active and productive law firm.

26. On or about May 22, 2015, an attorney at MAR received an email from an unknown source that included an attachment.

27. The email invited the recipient to open the attachment.

28. The recipient opened the attachment.

29. The recipient was unaware that the attachment was encoded with a ransomware encrypted virus.

30. The ransomware encrypted virus in the attachment infected the computer network of MAR.

31. Over a short period of time, all of the documents and information stored on the MAR computer network was disabled, and MAR lost control of its information, was locked out of its documents, lost access, lost use, the computer network lost all functionality, was taken over and rendered inoperable,

Case Number: PC-2017-1280
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 10 of 20 PageID #: 14

32. As a result of the intrusion into the computer network of MAR by the perpetrators of the ransomware attack, the attorneys and staff at MAR were rendered essentially unproductive.

33. The business income of MAR suffered due to the ransomware attack on the computer network of MAR.

34. MAR hired experts in computer cyber-attack responses in order to remedy its computer network and return the firm to efficient productivity.

35. Unfortunately, the experts hired by MAR could not free the computer network from the ransomware virus.

36. MAR began to search for the identity of the perpetrators of the ransomware attack.

37. MAR made initial contact with the perpetrators of the ransomware attack in June of 2016.

38. In June of 2016, MAR started to negotiate a ransom for the documents and information with the perpetrators of the ransomware attack.

39. In June of 2016 MAR and the perpetrators of the ransomware attack reached an agreed ransom that had to be paid in the form of 13 Bitcoins.

40. Because MAR did not have an existing Bitcoin account, it had to open a Bitcoin account, and begin the process of accumulating Bitcoins.

41. Unknown to MAR at the time, Bitcoin will only allow the purchase of two (2) Bitcoins per day by a new account holder.

42. Once an adequate amount of Bitcoins was purchased, MAR's agents had to contact the perpetrators of the ransomware attack to obtain instructions on how to transfer the Bitcoins to them.

43. Eventually, the perpetrators of the ransomware attack provided MAR's agents instructions on how to transfer the Bitcoins to them.

44. In June 2016, MAR's agents transferred the Bitcoins to the perpetrators of the ransomware attack.

Case Number: PC-2017-1290
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 11 of 20 PageID #: 15

45. In June 2016, the perpetrators of the ransomware attack provided MAR's computer experts with the initial decryption tools or keys to recover the documents and information

46. For several days, MAR's computer experts attempted to use the initial decryption tools or keys to recover the encrypted documents and information.

47. In July 2016 MAR's computer experts discovered that the initial decryption tools or keys would not recover the encrypted documents and information.

48. In July 2016, MAR's agents re-established contact with the perpetrators of the ransomware attack.

49. In July 2016, MAR re-negotiated a ransom for the documents and information.

50. In July 2016, MAR's agents obtained additional payment in the form of Bitcoins for payment of the additional ransom.

51. In July 2016, MAR's computer experts obtained the second set of decryption tools or keys to recover the documents and information, and began to use the second set of decryption tools or keys to recover the documents and information.

52. In July 2016, MAR's computer experts finished recovering the majority of the documents and information encrypted by the perpetrators of the ransomware attack.

53. In July 2016, MAR discovered that it could not recover or recreate documents that were saved on a temporary server during the three months of business interruption.

54. In August 2016, MAR attempted to recover or recreate documents that were not saved on the temporary server during the three months of business interruption.

Case Number: PC-2017-1280
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 12 of 20 PageID #: 16

### C. Sentinel's Denial of Coverage

55. The Policy provided to MAR by Sentinel included SPECIAL PROPERTY COVERAGE FORM SS 00 07 07 05 that contains coverage for loss of "**Business Income.**" This coverage provides that Sentinel "will pay for the actual loss of Business Income you sustain due to the necessary suspension, of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or physical damage to property at the "scheduled" premises" including personal property in the open (or in a vehicle) within 1,000 feet of the "scheduled premises", caused by or resulting from a Covered Cause of Loss."

56. MAR promptly notified Sentinel of ransomware attack and the business interruption and made the Claim for coverage under the Policy.

57. MAR reasonably expected that the Business Income provision of the Policy provided it with coverage for the losses resulting from the ransomware attack on its computer network.

58. Sentinel acknowledged receipt of the Claim.

59. Coverage exists under the **Business Income** and **Extra Expense** provisions of the Policy.

60. On or about March 10, 2017, Sentinel denied coverage for the Claim, stating that coverage was not available under the **Business Income** and **Extra Expense** coverage.

61. By denying coverage when the Claim was covered under the Policy and all prerequisites to coverage were met, Sentinel breached its contractual obligation to MAR.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

62. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 61 of this Complaint as if fully set forth herein.

63. The Policy constitutes a valid and enforceable contract between Sentinel and MAR because MAR was the named insured under the Policy.

Case Number: PC-2017-1280
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 13 of 20 PageID #: 17

64. MAR has paid all premiums, provided prompt notice of the claim, and otherwise performed all obligations required of it under the Policy.

65. Under the terms of the Policy, Sentinel must pay up to 12 months of loss of business income that comes within the Policy definitions of **Business Income** and **Extra Expense** coverage.

66. As detailed above, the facts of the Claim come within those Policy provisions.

67. Sentinel has not paid any amounts to MAR in connection with the Claim for loses under **Business Income** and **Extra Expense** coverage.

68. By failing to provide coverage for the Claim, Sentinel has breached the terms of the Policy.

69. As a direct and proximate result of Sentinel's breach of the Policy, MAR has suffered damages in an amount to be determined at trial, plus consequential damages, attorneys' fees, and pre- and post-judgment interest to the extent permitted by law.

## SECOND CAUSE OF ACTION
### (Declaratory Relief)

70. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71. Sentinel disputes its legal obligation to pay the Claim.

72. Pursuant to R.I. Gen. Laws § 9-30-1 *et seq.*, MAR is entitled to a declaration by this Court of Sentinel's obligations under the Policy.

73. An actionable and justiciable controversy exists between MAR and Sentinel concerning the proper construction of the Policy, and the rights and obligations of the parties thereto, with respect to the Claim for business income insurance coverage.

Case Number: PC-2017-1280
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 14 of 20 PageID #: 18

74. MAR is entitled to a declaration declaring that there is coverage available for the business interruption under the Policy, and, pursuant to R.I. Gen. Laws § 9-30-1 *et seq.*, any other relief this Court deems proper.

### THIRD CAUSE OF ACTION
### (Insurer Bad Faith)

75. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. Sentinel's denial of coverage was wrongful.

77. Sentinel denied coverage without a reasonable basis in law or in fact.

78. Sentinel denied coverage based on a reckless failure to properly investigate the claim, and thereafter failed to subject the denial of said claim to cognitive evaluation, as required by law.

79. Before, during and after denial of the Claim, Sentinel refused to negotiate, mediate or arbitrate the Claim, even though MAR offered to do so.

80. The circumstances surrounding MAR's contractual claim against the Sentinel, and Sentinel's conduct in the denial of the Claim, give rise to a claim for bad faith pursuant to R.I. Gen. Laws § 9-1-33.

### FOURTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

81. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82. There is a covenant of good faith and fair dealing implied in every contract. This implied covenant requires each contracting party to refrain from doing anything to injure the right of the other to receive the benefits of the agreement.

83. Sentinel breached the implied covenant of good faith and fair dealing in the Policy.

Case Number: PC-2017-1280
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 15 of 20 PageID #: 19

84. Sentinel, at all relevant times, owed MAR an implied duty of good faith and fair dealing.

85. Sentinel's actions were in breach of its duty of good faith and fair dealing.

86. Sentinel's conduct in breach of its duty of good faith and fair dealing consists of, but is not limited to: failing to fully, fairly and promptly investigate Plaintiff's Claim; unreasonably denying and/or withholding benefits under the Policy; denying the Claim without a reasonable basis in fact or law; misconstruing Policy language against MAR; wrongfully denying benefits due and payable under the Policy; and, creating unreasonable burdens for payment and benefits.

87. MAR has sustained actual damages as a result of Sentinel's bad faith conduct.

88. Sentinel's actions further entitle MAR to an award of general and consequential damages for Sentinel's bad faith conduct.

89. Sentinel's actions were undertaken with ill intent and/or in conscious disregard for the harm to be caused to MAR.

90. Sentinel's actions, for the reasons stated above, entitle MAR to an award of punitive damages.

91. MAR is also entitled to its reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a) On the First Cause of Action, Plaintiff requests that the Court enter judgment against Sentinel, awarding Plaintiff damages in an amount to be determined at trial, plus consequential damages, attorneys' fees, and pre- and post-judgment interest to the extent permitted by law;

(b) On the Second Cause of Action, Plaintiff requests that this Court enter a

Case Number: PC-2017-1280
Filed in Providence/Bristol County Superior Court
Submitted: 3/21/2017 4:45:52 PM
Envelope: 974860
Reviewer: Carol G.

Case 1:17-cv-00157-WES-LDA   Document 1-1   Filed 04/21/17   Page 16 of 20 PageID #: 20

declaratory judgment in favor of MAR against Sentinel, declaring that Sentinel is obligated to pay MAR, up to the applicable limits of the Policy, for the Claim;

(c) On the Third Cause of Action, Plaintiff requests that the Court enter judgment against Sentinel, awarding Plaintiff damages in an amount to be determined at trial, plus consequential damages, attorneys' fees, and pre- and post-judgment interest to the extent permitted by law, litigation expenses, expert fees and expenses, for punitive damages pursuant to R.I. Gen. Laws § 9-1-33, for attorneys' fees pursuant to R.I. Gen. Laws § 9-1-33, and for interest on all damages for which interest may be awarded;

(d) On the Fourth Cause of Action, Plaintiff requests that the Court enter judgment against Sentinel, awarding Plaintiff general and consequential damages in an amount to be determined at trial, exemplary or punitive damages, its reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45, and pre- and post-judgment interest to the extent permitted by law; and

(e) Additionally, Plaintiff requests such other and forth or relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Plaintiff,

**MOSES AFONSO RYAN LTD.,**

By its attorneys,

/s/Stephen A. Izzi
Stephen A. Izzi (#2928)
Moses Afonso Ryan Ltd.
160 Westminster Street, Suite 400
Providence, Rhode Island 02903
Tel: (401) 453-3600
sizzi@marlawri.com

Izzi, Stephen\Insurance Law\mar\complaint

See this notice in Cambodian, Spanish, and Portuguese on the attached pages. Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas. Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# NOTICE



## You have a case in the Rhode Island state court system.

## You have the right to an interpreter at no cost to you.

Rhode Island Supreme Court Executive Order 2012-05 states that when a Limited-English Proficient (LEP) person appears in court, the Rhode Island Judiciary will provide a free authorized interpreter for the defendant, plaintiff, witness, victim, parent of a juvenile, or someone with a significant interest in the court proceeding. This interpreting service is provided at no cost to the parties and in all types of cases, both civil and criminal. Court interpreters work in all the courthouses of the Rhode Island state court system.

To schedule an interpreter for your day in court, you have the following options:

1.  Call the Office of Court Interpreters at (401) 222-8710, or

2.  Send an email message to interpreterfeedback@courts.ri.gov, or

3.  Visit the interpreters' office to schedule an interpreter:

> The Office of Court Interpreters
> Licht Judicial Complex
> Fourth Floor, Room 401
> 250 Benefit Street
> Providence, RI 02903

When requesting an interpreter, please provide the following information:

> The name and number of your case
> The language you are requesting
> The date and time of your hearing
> The location of your hearing
> Your name and a telephone number where we can reach you or your lawyer

---

For more information in Portuguese, Russian, and Spanish, including a listing of court forms that are available in Spanish, please visit our website on the Internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

To request a translation of this notice into any other language, please call the Office of Court Interpreters at (401) 222-8710. It would be helpful to have an English speaker with you when you call.

The Rhode Island Judiciary is committed to making the courts accessible to all.

> The Office of Court Interpreters
> Licht Judicial Complex Fourth
> Floor Room 401
> 250 Benefit Street
> Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Camboyano: SAMPLE: [Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.]
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.



# NOTIFICAÇÃO

## V. Ex.ª tem um processo em curso no sistema judiciário do Estado de Rhode Island,

## V. Ex.ª tem direito aos serviços gratuitos de um intérprete.

A Ordem Executiva 2012-05 do Supremo Tribunal de Rhode Island prevê que quando uma pessoa com conhecimentos limitados da língua inglesa (*Limited-English Proficient*) (LEP) comparece em tribunal, a Administração Judiciária de Rhode Island disponibiliza-lhe gratuitamente os serviços de um intérprete autorizado a um réu, autor, testemunha, vítima, pai ou mãe de um menor ou alguém com interesse significativo no processo judicial. O serviço de intérprete é prestado gratuitamente às partes e em todos os tipos de processos, sejam eles civis ou penais. Os intérpretes do tribunal trabalham em todos os tribunais do sistema judiciário do Estado de Rhode Island.

Para agendar os serviços de um intérprete para o seu dia no tribunal, tem as seguintes opções:

1. Telefonar para o Gabinete de Intérpretes Judiciais através do n.º (401) 222-8710, ou

2. Enviar uma mensagem de correio eletrónico para interpreterfeedback@courts.ri.gov, ou

3. Deslocar-se ao gabinete de intérpretes para agendar os serviços de um intérprete:

   Gabinete de Intérpretes Judiciais
   Complexo Judicial Licht
   Quarto Piso, Sala 401
   250 Benefit Street
   Providence, RI 02903

Quando solicitar os serviços de um intérprete deve fornecer os seguintes dados:

- O nome e número do seu processo
- O idioma que solicita
- A data e hora da sua audiência
- O local da sua audiência
- O seu nome e um número de telefone para o podermos contactar a si ou ao seu advogado

Para obter mais informações em português, russo e espanhol, incluindo uma lista dos formulários judiciais disponíveis em espanhol, visite o nosso website na internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

Para solicitar uma tradução desta notificação para qualquer outro idioma, telefone para o Gabinete de Intérpretes Judiciais através do número (401) 222-8710. Recomenda-se que esteja acompanhado por alguém que fale inglês quando fizer a chamada.

A Administração Judiciária de Rhode Island está empenhada em tornar os tribunais acessíveis para todos.

Gabinete de Intérpretes Judiciais
Complexo Judicial Licht
Quarto Piso, Sala 401
250 Benefit Street
Providence, RI 02903

9/15

See this notice in Cambodian, Spanish, and Portuguese on the attached pages.
Español: Véase esta notificación en camboyano, español y portugués en las páginas adjuntas.
Português: Leia esta notificação em cambojano, espanhol e português nas páginas em anexo.

# AVISO

## Usted tiene un caso en el sistema judicial de Rhode Island.

## Usted tiene el derecho a tener un intérprete sin costo para usted.



La Orden Ejecutiva 2012-05 del Tribunal Supremo de Rhode Island dicta que cuando una persona que tiene un dominio limitado del inglés (LEP) comparece ante la corte, el Sistema Judicial de Rhode Island le proveerá un intérprete autorizado gratis sea el acusado/demandado, demandante, testigo, víctima, padre de un menor de edad alguien que tenga con un interés importante en el proceso de la corte. Este servicio de interpretación se le proveerá sin costo alguno a los participantes en toda clase de caso, sea civil o penal.
Los intérpretes judiciales trabajan en todos los tribunales del Sistema Judicial de Rhode Island.

**Para solicitar un intérprete para su comparecencia en el tribunal, usted tiene las siguientes opciones:**

1. Llamar a la Oficina de Intérpretes en el tribunal al 401-222-8710 ;

2. Mandar un correo electrónico a interpreterfeedback@courts.ri.gov; o

3. Presentarse a la Oficina de Intérpretes para solicitar un intérprete:

    **The Office of Court Interpreters**
    **Licht Judicial Complex**
    **Cuarto Piso, Oficina 401 A-B**
    **250 Benefit Street**
    **Providence, RI 02903**

    Al solicitar un intérprete, por favor provea la siguiente información:

- **El nombre y el número de su caso**
- **El idioma que solicita**
- **La fecha y hora de su audiencia**
- **Dónde va a tomar lugar su audiencia**
- **Su nombre y número de teléfono por el cual nos podamos poner en contacto con usted o con su abogado.**

---

Para obtener más información en portugués, ruso o español, incluyendo una lista de formularios de la corte que están disponibles en español, visite nuestra página de internet:

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx

Para solicitar la traducción de este aviso en cualquier otro idioma, por favor llame a la oficina de intérpretes al (401) 222-8710. Ayudaría si usted puede estar en compañía de una persona que habla inglés cuando llame.

El sistema jurídico de Rhode Island se compromete a proporcionar a todas las personas mejor acceso a los tribunales.

The Office of Court Interpreters
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903

9/15

មើលសេចក្តីជូនដំណឹងនេះជាភាសាខ្មែរ អេស្ប៉ាញ និងព័រទុយហ្គាល់នៅលើទំព័រដែលបានភ្ជាប់។

សេចក្តីជូនដំណឹង

លោកអ្នកមានបណ្តឹងនៅក្នុងប្រព័ន្ធតុលាការរដ្ឋ Rhode Island។

លោកអ្នកមានសិទ្ធិស្នើសុំអ្នកបកប្រែដោយឥតគិតថ្លៃសម្រាប់ខ្លួនឯង។



ដីកាប្រតិបត្តិរបស់តុលាការកំពូលនៃ Rhode Island (Rhode Island Supreme Court Executive Order) លេខ 2012-05 បានចែងថានៅពេលបុគ្គលដែលមានចំណេះដឹងភាសាអង់គ្លេសមានកំណត់ (LEP) បង្ហាញខ្លួននៅក្នុងតុលាការ តុលាការនៃ Rhode Island នឹងផ្តល់អ្នកបកប្រែដែលបានអនុញ្ញាតដោយឥតគិតថ្លៃសម្រាប់ចុងចោទ ដើមចោទ សាក្សី ជនរងគ្រោះ មាតាបិតារបស់អនីតិជន ឬនរណាម្នាក់ដែលពាក់ព័ន្ធយ៉ាងសំខាន់នៅក្នុងសំណុំរឿងតុលាការ។ សេវាអ្នកបកប្រែនេះ ត្រូវបានផ្តល់ជូនដោយឥតគិតថ្លៃសម្រាប់ភាគី និងនៅគ្រប់ប្រភេទនៃបណ្តឹង ទាំងរដ្ឋប្បវេណី និងព្រហ្មទណ្ឌ។ អ្នកបកប្រែឯងតុលាការធ្វើការនៅក្នុងគ្រប់តុលាការទាំងអស់របស់ប្រព័ន្ធតុលាការនៃរដ្ឋ Rhode Island។ ដើម្បីត្រៀមពេលវេលាអ្នកបកប្រែសម្រាប់ថ្ងៃចូលសវនាការរបស់លោកអ្នក លោកអ្នកមានជម្រើសជូនខាងក្រោម៖

1. ទូរស័ព្ទមកការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710 ឬ
2. ផ្ញើអ៊ីម៉ែលទៅកាន់ **interpreterfeedback@courts.ri.gov** ឬ
3. ទៅកាន់ការិយាល័យអ្នកបកប្រែដើម្បីត្រៀមពេលវេលាអ្នកបកប្រែ៖

    The Office of Court Interpreters
    Licht Judicial Complex
    Fourth Floor, Room 401
    250 Benefit Street
    Providence, RI 02903

នៅពេលស្នើសុំអ្នកបកប្រែ សូមផ្តល់ព័ត៌មានជូនខាងក្រោម៖

- ឈ្មោះ និងលេខបណ្តឹងរបស់លោកអ្នក
- ភាសាដែលលោកអ្នកស្នើសុំ
- កាលបរិច្ឆេទ និងទៅលងវេលាការរបស់លោកអ្នក
- ទីតាំងនៃសវនាការរបស់លោកអ្នក
- ឈ្មោះ និងលេខទូរស័ព្ទលោកអ្នកដែលយើងខ្ញុំអាចទំនាក់ទំនងលោកអ្នក ឬមេធាវីលោកអ្នកបាន

សម្រាប់ព័ត៌មានបន្ថែមជាភាសាព័រទុយហ្គាល់ រុស្សី និងអេស្ប៉ាញ រួមទាំងបញ្ជីទម្រង់បែបបទតុលាការដែលមានជាភាសាអេស្ប៉ាញនោះ សូមចូល ទៅកាន់គេហទំព័រយើងខ្ញុំនៅលើអ៊ីនធឺណិត៖

https://www.courts.ri.gov/Interpreters/englishversion/Pages/default.aspx.

ដើម្បីស្នើសុំការបកប្រែសេចក្តីជូនដំណឹងនេះជាភាសាណាមួយផ្សេងទៀត សូមទូរស័ព្ទមកការិយាល័យអ្នកបកប្រែប្រចាំតុលាការតាមរយៈលេខ (401) 222-8710។ វាជាការចាំបាច់ដែលត្រូវមានអ្នកនិយាយភាសាអង់គ្លេសជាមួយលោកអ្នកនៅពេលដែលលោកអ្នកទូរស័ព្ទចូល។

តុលាការ Rhode Island ប្តេជ្ញាធ្វើឱ្យតុលាការអាចប្រើប្រាស់បានសម្រាប់មនុស្សគ្រប់គ្នា។

ការិយាល័យអ្នកបកប្រែប្រចាំតុលាការ
Licht Judicial Complex
Fourth Floor Room 401
250 Benefit Street
Providence, RI 02903